Aaron HELMS

v.

Lowell D. HEWITT, Supt.; B.B. Kyler, Co III; R.E. Stotelmyer, Major; B.K. Smith, Counselor III; K.R. Hileman, Farm Manager; D.R. Erhard, Deputy Supt. for Treatment; T.W. Henry, Director of Treatment; W.W. Mateer, C.I., Manager.

Appeal of Aaron HELMS.

No. 85–5254.

United States Court of Appeals, Third Circuit.

Argued Nov. 18, 1985.

Decided Jan. 3, 1986.

Robert H. Vesely (Argued), John M. Humphrey, Rieders, Travis, Mussina, Humphrey & Harris, Williamsport, Pa., for appellant.

Francis R. Filipi (Argued), Office of Atty. Gen., Harrisburg, Pa., for appellee.

Before HIGGINBOTHAM, SLOVITER and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

This appeal arises from the district court's denial of plaintiff's petition for attorney's fees filed pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988 (1981), after the entry of summary judgment in favor of the defendants. The underlying action involved the plaintiff's claim that his Fourteenth Amendment due process rights were violated by the defendants' actions when he was confined to administrative segregation. The district court denied the plaintiff's fee application because it found that the plaintiff was not a prevailing party for purposes of section 1988. We reverse and remand to the district court for a hearing and computation of the amount of a fee award.

## I.

The plaintiff filed this action under 42 U.S.C. § 1983 against officials of the State Correctional Institution at Huntingdon, Pennsylvania. In his complaint, the plaintiff protested his confinement in administrative segregation by the defendants after they alleged that he had assaulted a prison employee and participated in a riot. The plaintiff expounded three theories by which his due process rights as guaranteed by the Fourteenth Amendment were violated by that confinement. *Helms v. Hewitt,* 655 F.2d 487, 491–92 (3d Cir.1981) (*"Helms I"*) (subsequent history omitted). First, Helms claimed that Pennsylvania Bureau of Corrections' regulations governing administrative segregation established the process due under the Fourteenth Amendment and that the failure to accord him that process violated his constitutional rights. Second, the plaintiff asserted that the state's prison regulations created a liberty interest of which he could be deprived only by consti-

tutionally mandated due process. Third, Helms argued that a finding of guilt resting on a hearsay account of uncorroborated information from a single unidentified informant contravenes principles of fundamental fairness implicit in the Due Process Clause.

The plaintiff requested the entry of declaratory judgment, "declaring plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. § 1983 violated as more specifically set forth in this Complaint." The plaintiff also prayed for the entry of a permanent injunction, a reversal of his disciplinary conviction, monetary relief and "such other relief as may be necessary and proper."

After discovery was closed, the district court granted the defendants' motions for summary judgment. The plaintiff appealed that decision, and we reversed. *Helms I,* 655 F.2d 487 (3d Cir.1981). We found that the state regulations had created an expectancy or entitlement which rose to the level of a protected liberty interest. We held that "Helms was denied due process unless he was afforded a hearing, within a reasonable time of his initial confinement, to determine whether he represented the type of 'risk' warranting administrative detention." *Id.* at 500. We also concluded that "Helms suffered a denial of due process by being convicted on a misconduct charge when the only evidence offered against him was a hearsay recital, by the charging officer, of an uncorroborated report of an unidentified informant." *Id.* at 502. The case was remanded to the district court to determine whether Helms had been afforded a hearing satisfying the requirements of due process and to decide whether the defendants were entitled to qualified immunity with respect to the unconstitutional use of the hearsay report.

The United States Supreme Court granted the defendants' petition for writ of certiorari and reversed. *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The Supreme Court agreed that the state regulations created a constitutionally protected liberty interest. The Court

held, however, that the plaintiff had been afforded sufficient due process after being confined to administrative segregation. The Supreme Court was not asked to review our finding that the defendants' use of the hearsay report violated the Constitution.

Following the Supreme Court's decision, we remanded the case to the district court for resolution of the question of qualified immunity on the hearsay issue. *Helms v. Hewitt,* 712 F.2d 48, 49 (3d Cir.1983) (*"Helms II"*). The district court subsequently found that the defendants were entitled to qualified immunity and entered judgment against the plaintiff. We affirmed without opinion. *Helms v. Hewitt,* 745 F.2d 46 (3d Cir.1984) (aff'ing mem.) (*"Helms III"*).

During the course of this litigation the Bureau of Corrections of the Commonwealth of Pennsylvania issued Administrative Directive 801: Inmate Disciplinary Procedures. This directive, effective May 1, 1984, detailed for the first time the procedures to be followed with respect to the use of confidential source information.

On December 7, 1984, the plaintiff filed the petition for attorney's fees which is the subject of this appeal. The district court denied that petition.

## II.

The Civil Rights Attorney's Fees Awards Act of 1976 provides that "[i]n any action or proceeding to enforce a provision of [section 1983] .... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1981). Congress enacted section 1988 because it believed that fee awards are essential to the private enforcement of the civil rights laws.

> If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.

S.Rep. No. 94–1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5908, 5910. "In the civil rights area, Congress has instructed the courts to use the broadest and most effective remedies available to achieve the goals of our civil rights laws." *Id.* at 3, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 5910–11.

In decisions interpreting section 1988, we have articulated two requirements for prevailing party status warranting an award of attorney's fees:

> [T]he plaintiffs must essentially succeed in obtaining some relief on the merits of their claim, and the circumstances under which the plaintiffs obtain that relief must be causally linked to the prosecution of the complaint.

*N.A.A.C.P. v. Wilmington Medical Center, Inc.,* 689 F.2d 1161, 1171 (3d Cir.1982) (citations and footnote omitted), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983); *see also Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 910–11 (3d Cir.1985) (reaffirming standard in light of *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

■ The plaintiff argues that he should be afforded prevailing party status because he obtained "some relief" on his claim that the use of the hearsay report of an unidentified informant to support administrative segregation violated due process. The plaintiff claims he obtained relief from the judicial holdings in this litigation and, in addition, from the promulgation of Administrative Directive 801. The district court found no merit in either alleged source of relief. The court reasoned:

> In this case, while the court found a constitutional violation, the defendants were held to be immune from liability for compensatory damages. Plaintiff's requests for injunctive relief were moot since plaintiff was no longer in prison to receive the benefits of his requested relief. Thus, while the plaintiff may claim a moral victory by the issuance of Ad-

ministrative Directive 801, he has failed to prove that he was entitled to relief. The district court, having found that the plaintiff had not succeeded in obtaining some relief on the merits of his claim, rejected the fee petition. We review that determination for legal error. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102 (3d Cir.1981).

### III.

The plaintiff first challenges the district court's finding that the plaintiff failed to achieve some relief on the merits of his claim in the course of this litigation. The plaintiff asserts that our holding in *Helms I*, declaring that the plaintiff's rights were violated by the defendants' unconstitutional use of the hearsay report, was the source of some relief on the merits of his claim. Consequently, the plaintiff argues, he is a prevailing party for purposes of section 1988.

The first step in applying the prevailing party standard is "to identify the relief plaintiff sought and, in the relevant cases, the legal theories on which the relief was based." *Institutionalized Juveniles*, 758 F.2d at 911. The district court should compare the relief sought with the relief actually obtained, not with the success of the legal theories. The entry of judgment in the plaintiff's favor is not essential for prevailing party status. A plaintiff, for example, may be a prevailing party where extra-judicial relief makes the legal claims moot. *Id.* A plaintiff may also be a prevailing party where he is awarded relief which he previously asserted was inadequate or where the relief obtained is not identical to the relief specifically demanded, so long as the relief obtained is of the same general type. *Id.* at 912.

In the instant case, the plaintiff sought broad relief. In addition to demands for monetary and injunctive relief, the plaintiff sought a declaratory judgment announcing that the defendants had violated his constitutional rights. The plaintiff also requested "such other relief as may be necessary and proper." We note that the district court is empowered to award the plaintiff all relief to which he is entitled, including relief not demanded in his pleadings. Fed.R.Civ.P. 54(c).

Having outlined the relief sought by the plaintiff, we turn to the identification of what judicial relief the plaintiff actually obtained. The defendants argue that the plaintiff obtained no judicial relief. The defendants indicate that, as a result of the district court's qualified immunity finding, the plaintiff was not entitled to monetary damages. The defendants also maintain that plaintiff's other requests for relief were rendered moot by his release from prison.

We reject the defendants' contention that plaintiff failed to obtain judicial relief. In *Helms I*, we declared that plaintiff's due process rights were violated by the prison officials' unconstitutional use of the hearsay report. We held:

> [A] prisoner is denied due process when his conviction on disciplinary charges rests solely on a hearsay report of an unidentified informant's account which offers no basis for an independent assessment of the informant's credibility or reliability.

*Helms I*, 655 F.2d at 503. Our declaration acts as an important vindication of the plaintiff's rights. *Accord Fast v. School District of City of Ladue*, 728 F.2d 1030, 1033 (8th Cir.1984) (*en banc*). The declaration is a form of judicial relief which serves to affirm the plaintiff's assertion that the defendants' actions were unconstitutional and which will serve as a standard of conduct to guide prison officials in the future.

We find that, on the facts before us, the plaintiff did actually obtain judicial relief of the same general type as that requested in his complaint. The plaintiff successfully served as a "private attorney general" to enforce the Constitution where he suspected a violation of his rights. Section 1988 does not require that he secure formal relief or monetary damages to be considered a prevailing party. *N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 689 F.2d at 1167. The Congressional purpose

in enacting section 1988 is served where a plaintiff who successfully acts as a "private attorney general" is permitted to recover attorney's fees. *See* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5910.

We find that the district court erred in failing to award attorney's fees for professional services relating to this issue. We will remand to the district court for computation of the amount of the attorney's fees award.

### IV.

Second, we consider the plaintiff's contention that he is a prevailing party entitled to an award of attorney's fees because his suit acted as a catalyst for the promulgation of the revisions of Administrative Directive 801. We reach this issue despite our finding of prevailing party status above because one factor in the computation of the amount of the fee award is the extent of relief actually obtained by the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The revisions of Administrative Directive 801 addressed the use of hearsay reports based on information from confidential informants in prison disciplinary proceedings. The district court dismissed the plaintiff's catalyst argument, finding that he had not sought "relief in the form of corrective procedures by the Bureau of Corrections in the use of undisclosed informants." We reject the court's reasoning.

We have said that, for purposes of a section 1988 petition:

> Any success achieved by plaintiff need not be achieved in a formal manner; a plaintiff is considered the prevailing party if his "lawsuit acted as a catalyst which prompted [the defendant] to take action" to correct the unlawful practice.

*N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 689 F.2d at 1167 (citation omitted). We note that the plaintiff specifically requested a change in the defendants' practice so far as it was applied to him. Since we can assume that the state and its agents would act in good faith to comply with the law, it must be said that plaintiff's complaint contemplated a modification in the treatment of all prisoners subject to disciplinary actions based on information obtained from confidential informants. Section 1988 is designed to provide an incentive to the ordinary citizen to enforce the Constitution whenever it is violated so that the rights of all similarly-situated persons will be better protected. It is not a prerequisite to an award of attorney's fees under section 1988 that the plaintiff request sweeping changes in the defendants' practices and procedures. The district court erred as a matter of law in finding that the plaintiff's catalyst argument was not entitled to consideration because the plaintiff had failed to request relief of the same general type as that obtained in the revised regulation.

While the effect of the plaintiff's suit on the revised regulations may fulfill the requirements of section 1988, it is beyond the function of a reviewing court to make such a determination. On remand, the district court must determine whether the plaintiff's suit caused or was a catalyst for the revision of Administrative Directive 801. If plaintiff can establish causation between his suit and "some of the benefit sought," he is a prevailing party on this issue for purposes of section 1988. *Id.* at 1167. We find sufficient evidence of causation to warrant a hearing before the district court. The timing of the promulgation of the revised regulations in relation to the course of this suit is sufficient to suggest that the district court should review carefully the causation issue. We will remand this case to the district court for an appropriate hearing.

### V.

We find that the district court erred in holding that plaintiff was not entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988 on the basis of the relief obtained in the course of the litigation. We also find that the district court erred in failing to conduct further fact finding on

the plaintiff's argument that his suit acted as a catalyst for the promulgation of the revisions of Administrative Directive 801. Consequently, we will reverse the district court's order of March 14, 1985 and will remand the case to the district court for a hearing on the plaintiff's catalyst argument and for calculation of the fee award.