**Linda J. SELLERS**

v.

**LOCAL 1598, DISTRICT COUNCIL 88, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES AFL–CIO and Frank Flatch, President Local 1598, AFSCME and Bensalem Township.**

**Civ. A. No. 84–2373.**

United States District Court, E.D. Pennsylvania.

April 28, 1986.

Doris Applebaum, Bensalem, Pa., for plaintiff.

Alaine S. Williams, Philadelphia, Pa., for Local 1598.

Emil F. Toften, Chalfont, Pa., for Bensalem Tp.

### MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Plaintiff Linda J. Sellers instituted a civil rights action against Local 1598, District

Council 88, American Federation of State, County, and Municipal Employees, AFL–CIO (the "union") and Bensalem Township (the "township"). During the course of the suit, the union and the township agreed to submit the plaintiff's grievances to arbitration proceedings. By my Memorandum and Order dated December 17, 1984, I dismissed the plaintiff's complaint. The parties eventually settled the dispute prior to the commencement of arbitration proceedings. Thereafter, the clerk of courts denied the plaintiff's request for taxation of costs. The plaintiff now moves this court to: (1) vacate my Order of December 17, 1984 which purportedly dismissed a claim for attorney's fees pursuant to 42 U.S.C. § 1988 (1983); (2) award attorney's fees; and, (3) award costs.

Before addressing these issues, a review of the factual history of this case is necessary. Ms. Sellers is a township employee and a member of the union which operates under a collective bargaining agreement with the township. The township claimed she was suspended without pay for being "excessively late" for work, but Ms. Sellers claimed that the suspension was politically motivated.

Pursuant to the collective bargaining agreement, Ms. Sellers appealed the suspension. The appeal process has four stages and Ms. Sellers' claims were not satisfied by the first two steps. A step three hearing was to be held in front of the Board of Supervisors. Ms. Sellers believed she would be unable to receive an impartial hearing at the step three proceeding because of political animosity. She commenced suit in this court seeking a temporary restraining order (TRO) to prevent the hearing from taking place, claiming that the hearing violated her procedural due process rights. The TRO was denied. Thereafter, Sellers amended her complaint appending civil rights claims against the union and the township, as well as pendent state law claims. Ms. Sellers sought injunctive and declaratory relief to the effect that she be permitted to retain counsel at the step three proceeding, record that proceeding, and cross-examine her accusers.

Ms. Sellers also sought monetary relief and "such other and further relief as may be just."

The union and the township agreed to waive the step three hearing before the Board of Supervisors and submit Ms. Sellers' grievance to an arbitrator where a full evidentiary hearing would take place. Arbitration was the fourth and final step under the collective bargaining agreement. Pursuant to the collective bargaining agreement, only the union may decide to proceed to arbitration.

On motions by the parties I dismissed Counts I, II and IV of the complaint as moot. The substance of each of those counts was that the third step of the grievance procedure deprived her of due process. Specifically, I held that "[b]y offering Ms. Sellers the opportunity to present her grievance in a forum which allows for a full evidentiary hearing along with an impartial arbitrator, the defendants have supplied relief which eradicates the effects of the alleged violations." *Sellers v. Local 1598*, 600 F.Supp. 1205, 1209 (E.D.Pa.1984). In Count III of the complaint Ms. Sellers claims she was entitled to a pre-suspension hearing. I found that a pre-suspension hearing was not warranted by the fourteenth amendment and dismissed the claim. *Id.* at 1211. Count IV of the complaint stated that because of her political affiliation, defendants conspired to deny her equal protection of the laws in violation of 42 U.S.C. § 1985(3). I found that Section 1985(3) does not cover an alleged politically motivated conspiracy and dismissed that count. *Id.* at 1212. Since no federal causes remained, I declined to exercise jurisdiction over the pendent state claims in Count IV. *Id.* Further, I stated that "[b]ecause plaintiff is without a cause of action under 42 U.S.C. §§ 1983, 1985 or 1986, her motion for attorney's fees under 42 U.S.C. § 1988 will be denied." *Id.*

Following my decision, but before arbitration proceedings commenced, Ms. Sellers settled her grievance with the township. The amount of the settlement was commen-

surate to the wages Ms. Sellers lost when she was suspended. This settlement was not submitted for approval by the court. Plaintiff's attorney, Doris Applebaum, now claims that Ms. Sellers is a "prevailing party" within the meaning of Section 1988 and requests this court to award her fees and costs. The defendants have submitted a notarized statement by Ms. Sellers which states that as of March 7, 1985 attorney Applebaum no longer represented Ms. Sellers. The defendants emphasize that Ms. Sellers executed the statement prior to the settlement agreement, and hence, that Ms. Applebaum did not participate in the settlement negotiations. Attorney Applebaum does not dispute the defendants' point, but argues that the settlement agreement successfully resolved her former client's claims.

## MOTION TO VACATE

■ This court held that "[b]ecause plaintiff is without a cause of action under 42 U.S.C. § 1983, 1985, and 1986, her motion for attorney fees under 1988 will be denied." 600 F.Supp. 1205, 1212 (E.D.Pa. 1984). Ms. Sellers asserts she raised Sections 1983, 1985, 1986 and 1988 in the amended complaint, but at no time presented a written or oral motion for fees. She asserts that her due process rights to prior notice and opportunity to be heard were denied by the court's sua sponte motion. Hence, Ms. Sellers requests that the judgment be set aside pursuant either to Fed.R. Civ.P. 60(b)(4) or Fed.R.Civ.P. 60(b)(6).[1]

I need not reach the merits of plaintiff's motion to vacate because my Order of December 14, 1984 did not preclude the plaintiff from requesting fees. A request for fees is made collateral and subsequent to a determination in the underlying suit. *See White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Section 1988 is not a remedial statute but, rather, compliments the remedial civil rights sec-

tions, namely 42 U.S.C. §§ 1983, 1985 and 1986. As counsel and this court are aware, before a fee determination is made, there must be a request before the court which particularizes the lodestar computation. Despite the language in my prior Memorandum, there was no such request or motion before the court when the Order was entered. Moreover, the Order dismissing the plaintiff's complaint did not address the Section 1988 request. Because there was no prior motion for fees by plaintiff and because the court did not foreclose the issue by rendering a final or judgment order to that effect, there is no reason to vacate my prior judgment.

## ATTORNEY FEES

Title 42 U.S.C. § 1988 provides: in "any action or proceeding to enforce a provision of Section 1981, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

■ Initially, the defendants question the timeliness of the plaintiff's request. Over one year has passed since judgment was entered. There is no specific time limit on a request made pursuant to Section 1988. *See White* 455 U.S. at 452, 102 S.Ct. at 1166 (Section 1988 is not a motion to alter or amend a judgment subject to the time constraints of Fed.R.Civ.P. 59(e)). However, in *White*, the court indicated that an award of fees is in the discretion of the court and that a denial of fees will be supported where a "postjudgment motion unfairly surprises or prejudices the affected party." *White*, 455 U.S. at 454, 102 S.Ct. at 1168.

■ The delay in the present case of over one year was clearly unreasonable. The plaintiff's delayed request forces the court and the defendant to resurrect a judicial proceeding which has long since termi-

1. Fed.R.Civ.P. 60(b) provides in part:
   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or

his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.

nated. In a similar situation, it has been suggested that because such a delayed request jeopardizes the finality of litigation, laches should be readily found. *See Baird v. Bellotti,* 555 F.Supp. 579, 586 (S.D.N.Y. 1982), *modified,* 724 F.2d 1032 (1st Cir. 1984). I agree and believe that laches is present here.

Initially, I must express my astonishment that the plaintiff would request fees at this late date. I would expect a motion for fees from the plaintiff after my Order of December, 1984, or even in March of 1985 when the defendants made an unsuccessful request for fees. If the plaintiff was unaware or unsure that fees could be requested after my Order in December, 1984, dismissing her claim, she must have been aware of such a request when the union filed its request for fees. She could have prepared the present request at that time. The plaintiff's request was made, however, almost one year after the defendants' request. Moreover, plaintiff's application comes more than one year after the defendants and the court believed that this litigation had terminated, obstensibly in defendants' favor.

Further, I believe that the plaintiff's request has a prejudicial effect on the parties. After a series of proceedings involving the parties, I recall, of course, the essence of the litigation. However, a fee determination requires me to assess the intricacies of the case, a task made difficult by the passage of time. If the court fails to remember events or circumstances related to any of the plaintiff's claims or to the defendants' arguments, it will be to the other parties' prejudice.

For these reasons, I believe that the plaintiff's request for fees is untimely and should be dismissed. Furthermore, the plaintiff's request also fails because I find that Ms. Sellers is not a "prevailing party" pursuant to Section 1988.

A two-prong test is used to determine whether the "prevailing party" status is met: (1) the plaintiffs " 'essentially succeed in obtaining some relief on the merits of their claim,' " and (2) " 'the circumstances

under which the plaintiffs obtain that relief must be causally linked to the prosecution of the complaint.' " *Helms v. Hewitt,* 780 F.2d 367, 369 (3d Cir.1986) *quoting, N.A.A.C.P. v. Wilmington Medical Center, Inc.,* 689 F.2d 1161, 1171 (3d Cir.1982), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983). The first prong in the "prevailing party" test requires that I " 'identify the relief the plaintiff sought and, in the relevant cases, the legal theories on which the relief was based.' " *Helms,* 380 F.2d at 370 *quoting Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 911 (3d Cir.1985). Then I must "compare the relief sought with the relief actually obtained, not with the success of the legal theories." *Helms,* 780 F.2d at 370. In this case, I denied the plaintiff's request for a TRO. Further, I dismissed Counts III and VI of the plaintiff's amended complaint after an examination of the merits of those claims, and declined to review the pendent state law claims. Obviously, the plaintiff is not a "prevailing party" as to the TRO and those claims. Hence, my determination is limited to the counts in the amended complaint which were dismissed as moot.

Ms. Sellers sought a declaratory judgment that her rights to procedural due process were denied by the third stage of the grievance procedure, as well as an injunction to prevent defendants from denying her due process rights at that third stage hearing. In addition, she sought actual damages, punitive damages and such "further relief as may be just." Although plaintiff's latter request for relief is broadly worded, a review of the amended complaint demonstrates that her requests for relief focused on the alleged deficiencies in the third stage of the grievance procedure.

Having identified the relief sought, I turn to the question of the relief Ms. Sellers "actually obtained." She must have obtained "some relief" on the merits of her claim in order to reach "prevailing party" status. This inquiry is complicated somewhat by the fact that after my decision to dismiss the plaintiff's claims, the parties

settled the dispute. Taken literally, the relief Sellers "actually obtained" was a settlement agreement. It is recognized that the termination of a dispute by settlement agreement renders one a "prevailing party". *See Maher v. Gagne*, 448 U.S. 122, 129 (1980). However, this dispute was terminated by an order dismissing the plaintiff's claims, not by settlement agreement. Ms. Sellers' claims were dismissed as moot once the defendants agreed to forego the third stage of the grievance procedure and to submit the plaintiff's grievance to arbitration. At the time I dismissed her claims as moot, the relief Sellers obtained was an agreement to arbitrate the matter. Sellers received no relief for her claims regarding the third stage of the grievance process: the third stage of the grievance process would never take place. I stress that the plaintiff filed suit in this court not to vindicate her due process rights to a fair hearing; rather, she sought due process protections during the third stage of the grievance procedure. The plaintiff cannot now claim to have won due process protections in the third stage of the process when the third stage never took place. The plaintiff's arguments before this court reinforce my finding that Ms. Sellers requested relief solely during the third stage of the grievance procedure. When the defendants agreed to waive the stage three hearing, Ms. Sellers refused to waive it, believing it was a right to which she was entitled. In short, there was never any determination by the court on the merits of Counts I, II and IV and the plaintiff did not receive any of the relief requested in the complaint.

Further, I find the case law cited by the plaintiff is distinguishable. In *Institutionalized Juveniles, supra*, the plaintiffs requested relief related to the procedures for admitting an individual to a mental health facility. *Institutionalized Juveniles*, 758 F.2d at 902. Even though the plaintiffs' claims were rendered moot by procedural changes in admission procedures adopted in subsequent legislation and regulations, the court upheld an award of fees to plaintiffs. *Id.* at 912–14. In that case, plaintiffs received significant benefits from the subse-

quently adopted legislation and regulations and those benefits were of the same general type specifically demanded in the complaint. Such is not the case here, where the request for relief specifically concerns one stage of the grievance process while the relief obtained concerns another stage. Indeed, in *Institutionalized Juveniles*, the court denied an award of attorney's fees where the benefit obtained, namely a change in the law, pertained to the quality of care in the mental health facility rather than to the relief requested—changes in the procedures for admission to such facilities. *Id.* at 912–13.

In sum, I find that the plaintiff failed to receive any benefit of the type requested in the complaint. Because the plaintiff has failed the first prong of the "prevailing party" test, I need not address the second prong "causation element". The request for attorney's fees pursuant to Section 1988 will be denied.

TAXATION OF COSTS

 Plaintiff filed a bill of costs on November 19, 1985, seeking $124.00. A telephone conference was held and the Clerk of Courts subsequently denied the plaintiff's request. The Clerk declined to relitigate the action to determine whether there was a nexus between the litigation and any benefits achieved by the plaintiff bringing this suit. The plaintiff requests a review and reversal of the Clerk's decision.

In order to receive costs, a party must meet the threshold "prevailing party" requirement of Fed.R.Civ.P. 54(d). *Institutionalized Juveniles*, 758 F.2d at 926. In the Third Circuit, "prevailing party" status is tested under Rule 54(d) as it is under 42 U.S.C. § 1988. *Id.* Because plaintiff is not a prevailing party for the purpose of awarding attorney's fees, she is not a prevailing party for purposes of Rule 54(d). Accordingly, plaintiff's request for the award of costs will be denied.